## John Mixer & another *vs.* Cyril Coburn.

Upon the sale of goods, if there be no express warranty of their quality, nor any actual fraud, the maxim *caveat emptor* applies; and no warranty of quality is implied from payment of a full price.

In an action for the agreed price of goods sold and delivered without warranty or fraud, the defendant cannot be permitted, for the purpose of avoiding payment of the full price, to ask a witness whether the goods were merchantable, or fit for market, or as good as those usually sold for the price agreed on: But he may be permitted to show that the goods were not such as would be known in the market, and among those conversant with the trade therein, as goods of the description under which they were sold.

In an action for goods sold and delivered, the usages of trade, as to the goods in question, are competent evidence.

Assumpsit to recover the price of 200 feet of German cylinder glass sold and delivered to the defendant. Trial in the court of common pleas, before *Wells,* C. J. whose report of the case was as follows:

"The plaintiffs called, as a witness, a clerk who had been in their employ, and who swore to the sale and delivery of

the glass; that the agreed price thereof was $22·50 per hundred feet; and that $20 had been paid by the defendant. It also appeared in evidence that the glass was in boxes; that the plaintiffs bought it in order to sell it to the defendant; and that the boxes were not opened.

" The defence was, in effect, that the sum of $20, that had been paid by the defendant, was as much as the plaintiffs were entitled to receive for the glass sold. To sustain this defence, the defendant inquired of a witness whether the glass was merchantable. This question was objected to, and the court decided that it was objectionable in that form, (both because it did not appear that the witness had dealt in such glass, except that, as a painter and glazier, he had, on various occasions, bought glass, and because the admissibility of the testimony would depend on the nature of the defects,) and directed the defendant to specify, in his question, the defects which he wished the witness to testify about. To this decision the defendant excepted.

" The defendant then proposed to ask the witness if the glass was fit for market, and would bring the ordinary price of glass of those dimensions. This was objected to by the plaintiff, both on general principles, and because it had been proved, on the trial, that glass of the same dimensions varies in price, according to its thickness. The court rejected the evidence.

" The defendant then proposed to ask the witness if the glass was as good as that usually sold of the same dimensions. This was objected to by the plaintiffs, for the same reason as the objection to the preceding question; and the court rejected the evidence.

" The defendant then proposed to ask the witness if the glass was as good as that usually sold for $22·50 for a hundred feet. This question was objected to by the plaintiffs, and ruled out by the court.

" The defendant produced a witness who swore that more than fifteen per cent. of the glass was broken when received; and he introduced evidence tending to prove that, by the

usage of trade, broken glass, especially if it exceed five per cent. of the whole lot, is deducted or allowed for by the vendor.

" The plaintiff introduced evidence tending to prove that when glass is sold in boxes, the broken glass is at the risk of the purchaser.

" There was no evidence, nor was it contended by the defendant, that there was any express warranty, or any fraud, on the part of the plaintiffs, in the sale.

" The court instructed the jury, that in ordinary cases, where goods are bought and sold in the market, there is no implied warranty of soundness or value ; that from the evidence in the case they would decide whether the risk of the broken glass was, by the usage of trade, upon the vendor or purchaser, and render their verdict, so far as the broken glass was concerned, as they should find this fact to be. The jury returned a verdict for the plaintiff for the amount of his claim. To the above rulings and instructions the defendant excepted."

*Caverly*, for the defendant.

*Morse*, for the plaintiffs.

SHAW, C. J. This action is brought, on the common count, to recover the price of goods sold and delivered. The evidence on the part of the plaintiffs tended to show that the goods consisted of window glass, in boxes, at a fixed price ; that the boxes were not opened ; and that the glass was received by the defendant.

We suppose it settled by the modern practice, that to avoid circuity of action, the vendee of personal property may show, in reduction of damages, such ground of deceit or breach of express or implied warranty in the sale, as would be sufficient in law to sustain a cross action. On this principle the defence was founded. *Harrington* v. *Stratton*, 22 Pick. 510. *Per ley* v. *Balch*, 23 Pick. 283. But in order to succeed in such a defence, it is necessary for the defendant to show a case, which would warrant a recovery in some action. The defendant contends that there was an implied warranty on the

sale, that the goods were merchantable and sound. But we think this position cannot be maintained. The rule of the common law is well established, that upon a sale of goods, if there be no express warranty of the quality of the goods sold, and no actual fraud, the maxim *caveat emptor* applies, and the goods are at the risk of the buyer. *Winsor* v. *Lombard,* 18 Pick. 59, 60. 2 Kent Com. (3d ed.) 478.

In the argument, it was contended for the defendant, that he should have been allowed to prove that the glass was not merchantable. Within certain limits, and with suitable qualifications, we think this would be admissible. The contract being for German cylinder glass, we think it would be competent to show that the article was not such as would be known in the market, and amongst those conversant with the trade, as glass of that description. *Bridge* v. *Wain,* 1 Stark. R. 504. But this inquiry, under such modification, was not prohibited by the judge. The question was asked, without modification, whether the glass was merchantable; not whether it was such as would be recognized by the trade as German cylinder glass, or in what respect it was defective, or failed to conform to that description. The defendant declining to modify his inquiry, we think the question was properly rejected.

The other inquiries, such as whether the glass was as good or as valuable as that usually sold for that price, and the like, were rightly rejected; because no warranty of quality is implied from payment of a full price. *Parkinson* v. *Lee,* 2 East, 321, 322. Yelv. (Amer. ed.) 21 *c.* Chit. Con. (5th Amer. ed.) 449.

The defendant, in the argument, objected to the admission of the evidence introduced by the plaintiff, that when glass is sold in boxes, the risk of broken glass is on the buyer. If there were no other answer to this objection, it is a sufficient one, that the evidence of usage was introduced by the defendant, and followed on the part of the plaintiff, and on both sides without objection. But the general usages of trade are competent evidence                                *Exceptions overruled.*